# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 29, 2019

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

158147

BEATRICE BOLER, EDWIN ANDERSON,
ALLINE ANDERSON and EPCO SALES, LLC,
      Plaintiffs-Appellees,

v

GOVERNOR, STATE OF MICHIGAN,
DEPARTMENT OF ENVIRONMENTAL
QUALITY, and DEPARTMENT OF HEALTH
AND HUMAN SERVICES,
      Defendants-Appellees,

and

DANIEL WYANT, LIANE SHEKTER-SMITH,
ADAM ROSENTHAL, STEPHEN BUSCH,
PATRICK COOK, MICHAEL PRYSBY,
BRADLEY WURFEL, ED KURTZ, DARNELL
EARLEY, GERALD AMBROSE, LOCKWOOD,
ANDREWS & NEWMAN, P.C., and
LOCKWOOD, ANDREWS & NEWMAN, INC.,
      Defendants,

and

DAYNE WALLING, HOWARD CROFT,
MICHAEL GLASGOW, DAUGHERTY
JOHNSON III, and CITY OF FLINT,
      Defendants-Appellants.
_____/

SC: 158147
COA: 337383
Court of Claims: 16-000126-MK

      On order of the Court, the application for leave to appeal the June 14, 2018 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

      ZAHRA, J. (*concurring*).

      I concur in the Court's denial of leave to appeal in this case, but write separately to address and clarify amicus curiae's concerns.

      This Court granted the motion of the Great Lakes Water Authority, the Detroit Water and Sewerage Department, and the Oakland County Water Resources Commissioner to participate as amici curiae. They are entities that treat and provide drinking water for a vast portion of communities in this state and that rely on the status of such services as a "governmental function" to afford them governmental immunity from tort liability under the governmental tort liability act (GTLA), MCL 691.1401 *et seq*.,

specifically under § 1407.

In this case, the Court of Appeals held that, for purposes of Court of Claims jurisdiction: (1) "a municipality is not an arm of the state when it operates a waterworks plant," and (2) a municipality and its employees operating under emergency management pursuant to the Local Financial Stability and Choice Act, MCL 141.1541 *et seq.*, are similarly not arms of the state. *Boler v Governor*, 324 Mich App 614, 619 (2018); see MCL 600.6419(1)(a) (vesting the Court of Claims with exclusive jurisdiction "[t]o hear and determine any claim . . . against the state or any of its departments or officers") and MCL 600.6419(7) (providing that " 'the state or any of its departments or officers' " includes an "arm, or agency of this state").

Amici's narrow interest in this case pertains not directly to the Court of Appeals' holdings, but to statements in its decision that tend to characterize the operation and maintenance of municipal waterworks generally as proprietary rather than governmental functions. See, e.g., *Boler*, 324 Mich App at 624 (stating that "[t]he operation and maintenance of waterworks is generally found to be a proprietary or private function of a municipality as opposed to a governmental function"). Accordingly, amici have requested that this Court expressly reject any portions of the Court of Appeals opinion that might support the proposition that the operation of a municipal waterworks is not a governmental function, because those statements could have adverse effects on amici.

The Court of Appeals opinion does not address whether operating a water supply and distribution system is a governmental or proprietary function for purposes of the GTLA. In fact, the Court of Appeals decision only mentions the GTLA once, in discussing potential consequences of reaching a contrary holding—i.e., if it had determined that whenever a state employee assists in the management of a private entity, and that entity then becomes an arm of the state, the state may be subject to liabilities never contemplated in the GTLA. *Id.* at 630. Amici's concerns are noted, but because the Court of Appeals decision in this case does not directly affect whether the operation and maintenance of a municipal waterworks is an "exercise or discharge of a governmental function" under MCL 691.1407(1) and (2)(b), there is no basis for this Court to vacate any portion of the Court of Appeals decision suggesting otherwise.

CLEMENT, J., did not participate due to her prior involvement as chief legal counsel for the Governor.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 29, 2019



a0326

Clerk